**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2182
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

JOHN E. WETZEL, Commissioner; ROBERT D. GILMORE, Superintendent/Warden,
SCI Greene; CANDICE LACKEY, Unit Manager; PSYCHIATRIST BERGER;
PSYCHOLOGIST BAWDY; DEPUTY DIALESANDRO, Deputy Superintendent;
ZAKEN, Deputy of Security; SGT. CHESMER, Correctional Officer; C.O. MILLER;
SGT. BEERS, Correctional Officer; LT. JELLOT, Correctional Guard; C.O. STEFFIN;
TODD H. FUNK, Correctional Staff Member; MAJOR BUZAS; COUNSELOR
SPIKER; PSYCHOLOGIST BRITTANY NOVAJ; SERGEANT ROGERS;
SHIRLEY MOORE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:18-cv-01390)
Magistrate Judge:  Honorable Lisa P. Lenihan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2024

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: December 18, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jerome Junior Washington, a Pennsylvania state prisoner proceeding pro se, appeals the District Court's judgment in favor of the defendants in his civil rights action. For the reasons that follow, we will affirm.

Washington filed a complaint pursuant to 42 U.S.C. § 1983, and supplements thereto, against Pennsylvania Department of Corrections officials and employees and medical providers at State Correctional Institution - Greene. He claimed violations of his constitutional rights based upon inadequate mental health treatment and many other conditions of his confinement while he was housed in the Secure Residential Treatment Unit ("SRTU"). The SRTU is an alternative to the DOC's Restricted Housing Unit for inmates with serious mental illnesses and/or other disabilities. Washington sought money damages and other relief. He has since been transferred to another institution.

The District Court granted a motion to dismiss filed by one of the defendants and later granted the remaining defendants' motion for summary judgment in a comprehensive opinion. This appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Our standard of review is plenary. Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) (per curiam). We will

---

[1] The District Court also denied Washington's motion to reconsider the grant of summary judgment. Washington did not appeal that ruling.

[2] We have appellate jurisdiction where, as here, a Magistrate Judge adjudicated a case upon the express or implied consent of the parties. See Prater v. Dep't of Corr., 76 F.4th 184, 198-99 (3d Cir. 2023).

affirm a grant of summary judgment if "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 104 (3d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)).

Washington does not contest the majority of the District Court's rulings. In his brief, he asserts that defendants Lackey (a Unit Manager), Brawdy (a psychologist), and Steffin, Jellots, and Beers (corrections officers) acknowledged that he was suicidal but denied him placement in a psychiatric observation cell and/or medical care. He states that he cut himself, that blood was all over his cell, and that Lackey and the officers went outside to smoke cigarettes. He claims that the defendants were deliberately indifferent to his serious medical needs.

Washington's complaint raised a claim against Brawdy based on an incident on April 24, 2018.[3] Washington alleged that he told Brawdy that he did not want to be in the SRTU, that he felt suicidal, and that he wanted to go to a psychiatric observation cell. Brawdy responded that to get out of the SRTU he had to complete the program. Washington later cut himself and officers Hennessey and Anderson allegedly delayed getting him medical care. In response to Washington's grievances, prison officials found that Hennessey notified staff when he saw blood in Washington's cell and that treatment providers had determined that his placement in an observation cell was not necessary.

---

[3] The evidence supporting Washington's claims includes his affidavits and his verified complaint, which is treated as an affidavit to the extent his allegations are based on personal knowledge and would be admissible. Revock, 853 F.3d at 100 n.1.

In its opinion granting summary judgment, the District Court stated that Hennessey and Anderson were not named defendants and that, based on the grievance responses, Washington could not show that any defendant knew of and disregarded a serious risk of harm to his health or safety. To the extent Washington appeals this ruling, his disagreement with Brawdy's denial of his request to be placed in a psychiatric observation cell, without evidence that Brawdy was aware of a serious risk of harm, did not violate his Eighth Amendment rights. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("mere disagreements over medical judgment do not state Eighth Amendment claims"). Washington also did not contend that Lackey, Steffin, Jellots, or Beers was involved in this incident. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (requiring personal involvement for liability under § 1983). He has thus shown no error in the District Court's ruling.

Washington also stated in affidavits that on May 31, 2018, he told staff that he was suicidal, and he was denied placement in a psychiatric observation cell or any treatment. Lackey and Steffin were allegedly present, and Lackey said that the situation was not serious and left to smoke a cigarette. In his brief opposing summary judgment, Washington stated that he cut himself and that Lackey, Steffin, and Brawdy left him bleeding in his cell.

Washington did not include this claim in his complaint or in the supplements thereto. The District Court stated that it would not consider any new claims raised by Washington in his brief. Even if the District Court had discretion to treat a new claim raised at the summary judgment stage as a motion to amend the complaint, see Schmees v

4

HC1.COM, Inc., 77 F.4th 483, 488 (7th Cir. 2023), it did not err by not doing so here. Washington's complaint had been pending for several years, he had supplemented it twice, and the defendants had already filed a summary judgment motion addressing his numerous claims. Any claim against these defendants arising out of an incident on May 31, 2018, was not properly before the District Court.[4]

Washington also argues on appeal that defendant Miller, a corrections officer, harassed him by calling him offensive names and threatening to harm him. Washington stated in his verified complaint and in an affidavit that Miller continuously called him "no teeth," "rapist," and several offensive names, and that Miller threatened him with harm and taunted him. See DCT ECF 3 at 23; DCT ECF 136 at 6. The District Court held, and we agree, that Washington's claims of verbal harassment did not state a viable Eighth Amendment claim. See Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015) (citing cases). Washington also stated in these filings that Miller deprived him of access to a psychologist, a shower, and a group session on October 10, 2018. To the extent Washington pursues this claim on appeal, Miller's actions on this single day do not rise to the level of a constitutional violation. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 228 (3d Cir. 2015).

---

[4] The District Court dismissed Washington's claims against defendant Berger, a mental health provider, arising out of an encounter on May 31, 2018. Washington does not dispute this ruling, and we do not consider it. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) (stating that an appellant's brief must set forth each argument that he wishes to pursue).

Washington further asserts that Miller and defendant Rogers, another officer, fabricated misconduct reports in order to prolong his confinement in the SRTU. He contends that Lackey and others knew that he did not engage in misconduct. Washington asserted in a supplement to his complaint that Rogers issued a false misconduct report on October 22, 2018. The record reflects that Washington was charged with using abusive language and refusing to obey an order. Washington had a disciplinary hearing, was found guilty, and received 30 days of disciplinary custody. Washington remained in the SRTU, but his status was changed shortly thereafter from phase 3 to phase 4. A prisoner in the SRTU must reach phase 1 to return to the general population.

The District Court ruled that Washington's placement in the SRTU, no matter what phase, did not implicate a protected liberty interest because it did not impose an "atypical deprivation." 6/1/22 Mem. Opinion at 29; see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (requiring that conditions impose an "atypical and significant hardship … in relation to the ordinary incidents of prison life" to implicate a liberty interest). The District Court explained that an inmate in the SRTU had access to programming and other activities. The District Court further ruled that, even if Washington's confinement implicated a protected liberty interest, he received due process. We need not address the District Court's first ruling because Washington does not challenge on appeal its conclusion that he received due process. This was an independent basis for granting summary judgment, and "[t]he failure to challenge an independent basis for a district

6

court's decision is fatal to an appeal." LabMD Inc. v. Boback, 47 F.4th 164, 191 (3d Cir. 2022).[5]

Washington also argues that defendant Chesmer, a corrections officer, threatened him with harm, tried to put his life in danger by calling him a rapist, and sprayed oleoresin capsicum (a pepper spray) in his face when he was handcuffed. He asserts that Lackey and others were aware that Chesmer bullied him. Washington's complaint and supplements, however, again include no such allegations. Washington asserted in his brief opposing summary judgment that officials failed to protect him from an attack by Chesmer, but like Washington's claim discussed above, such a claim was not properly before the District Court. In addition, Washington generally claimed below that inmates were sprayed when they had a mental health crisis. The District Court stated, and we agree, that he did not claim a violation of his own rights on this basis.

Accordingly, we will affirm the judgment of the District Court.

---

[5] The DOC Appellees contend that Washington has failed to challenge the District Court's ruling that he failed to exhaust his administrative remedies as to this claim. We find it unclear whether the District Court made a definitive ruling in this regard. We thus do not deny relief on appeal on this basis.

7